The document below is hereby signed.

Signed: May 22, 2017



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL LAWRENCE ROSEBAR, | ) | Case No. 13-00535 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION RE DEBTOR'S MEMORANDUM DECISION MOTION

The debtor has filed a rambling *Memorandum Decision Motion* (Dkt. No. 359). The *Motion* must be dismissed.

I

The *Motion* begins by stating:

> EMERGENCY SHOW CAUSE HEARING DUE TO INEFFECTIVE COUNSEL AND FLAWED ADVICE BY WILLIAM C. JOHNSON AND CONSPIRING WITH DAVID BROOKS FOR VIOLATION OF THE AUTOMATIC STAY PURSUANT TO RULE 11 USC SECTIONS 362A, 362C AND 362H AND FRAUD UPON THE COURT TO PURSUE CRIMINAL PROCEEDINGS AGAINST THE DEBTOR MICHAEL ROSEBAR BY COLLECTING EVIDENCE FOR SELF INCRIMINATING STATEMENTS IN VIOLATIONS OF 4TH, 5TH AND 6TH AMENDMENTS OF THE CONSTITUTION IN THE BANKRUPTCY PROCEEDINGS AND PURSUANT TO RULE 9011(B)AND SANCTIONS DUE TO DAVID BROOK'S MOTION FOR SUMMARY JUDGEMENT AND DISPUTE OF HIS STATEMENT OF FACTS FROM NEWLY DISCOVERED EVIDENCE AND 851. FALSE CLAIMS-18USC152 (4) UNDER TITLE 11.

To the extent that the debtor is asserting claims that arose before the filing of the bankruptcy case, those claims are

property of the estate, and until they have ceased to be property of the estate, the debtor has no authority to sue on those claims. Indeed, the automatic stay, in 11 U.S.C. § 362(a)(3) bars his doing so. To the extent that the debtor is asserting nonbankruptcy law claims that arose after the filing of the bankruptcy case, some of the claims the debtor asserts are based on alleged violations of the criminal code (title 18, U.S.C.). The court's jurisdiction under 28 U.S.C. § 1334(b) is limited to *civil* proceedings arising under the Bankruptcy Code, arising in the bankruptcy case, or related to the bankruptcy case by way of having an impact on the administration of the bankruptcy estate. As to any claims that would fall within that subject matter jurisdiction, the allegations of the *Motion* fail to establish a valid claim upon which relief can be granted or, with respect to certain claims, have been pursued by a motion when an adversary proceeding complaint was required, and, in any event, did not include notice under LBR 9013-1 of the opportunity to oppose the *Motion*.

II

As to Brooks, the *Motion* alleges, in conclusory terms, that Brooks violated the automatic stay of 11 U.S.C. § 362(a)(3). Violations of the automatic stay may give rise to a right to recover damages under 11 U.S.C. § 362(k), and a claim for such damages would fall within the court's subject matter jurisdiction

as arising under the Bankruptcy Code.  However, the *Motion* lacks non-conclusory allegations establishing a violation of the automatic stay.

For example, the *Motion* asserts at page 3 a claim based on the fact that Brooks turned over to prosecutors papers he obtained from the debtor.  The court lacks subject matter jurisdiction over this claim:

> (1) The conduct complained of may have occurred during the pendency of the bankruptcy case, but that does not mean that the claim arose "in the bankruptcy case" within the meaning of 28 U.S.C. § 1334(b).  "[A]n 'arising in' proceeding is one that must not only arise from events in the bankruptcy case but that by its nature is of an 'administrative' character because it requires a disposition in the bankruptcy case in order for the bankruptcy case to be administered."  *In re Akl*, 397 B.R. 546, 550 (Bankr. D.D.C. 2008).  "In other words, 'arising in' jurisdiction is not established by the mere coincidence that the wrongful conduct took place in a bankruptcy case." *Id.* at 551 (citations omitted).

> (2) Such conduct does not establish a claim for violation of the automatic stay or any other claim "arising under" the Bankruptcy Code within the meaning of 28 U.S.C. § 1334(b).

  (3) The claim either belongs to the estate (thus barring the debtor from pursuing the claim) or, if the claim belongs to the debtor, the claim will have no impact on the administration of the estate and thus is not "related to" the bankruptcy case within the meaning of 28 U.S.C. § 1334(b).

The debtor also contends (*Motion* at 3) that:

> DURING BANKRUPTCY PROCEEDINGS DAVID BROOKS NOT ONLY SUED MR. ROSEBAR . . . WILLFULLY AND KNOWINGLY SUED MR. AND MRS. ROSEBAR IN PG COUNTY CIRCUIT COURT FOR MALICIOUS PROCSECUTION AND COMPLAINT FOR INJUCTIVE AND OTHER RELIEF CASE WHICH IS A VIOLATION OF THE AUTOMATIC STAY . . . .

However, the debtor fails to allege facts showing that this action, commenced in 2014, was an attempt to sue on a claim that arose prepetition, and thus the allegation does not establish a violation of 11 U.S.C. § 362(a). For the same reason, the allegations of the *Motion* at 4 regarding a 2014 action filed in the Superior Court for slander do not establish a violation of the automatic stay.

  In any event, the *Motion* was not served on Brooks with notice under LBR 9013-1 of an opportunity to oppose the *Motion*.

III

  As to Johnson, the debtor appears to contend that Johnson, as the debtor's attorney, should have protected him from disclosing information that he might have been entitled not to disclose based on the privilege against self-incrimination under

the Fifth Amendment of the Constitution (*Motion* at 3), and that Johnson gave the debtor flawed advice and did not represent the debtor correctly in the bankruptcy case (*Motion* at 4). The debtor seeks against Johnson a judgment for $375,000 and punitive damages of $50,000. Under Fed. R. Bankr. P. 7001(1), such a claim would need to be pursued via an adversary proceeding complaint. Even if the *Motion* had been cast as an adversary proceeding complaint, the *Motion* fails to comply with the pleading requirements of Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8(a) (including the requirement of setting forth a short and plain statement of the claim), and the *Motion* is cast in conclusory terms that it would not withstand a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted.

IV

For all of these reasons, an order follows dismissing the *Motion* without prejudice.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.